IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENITO JEROME BOWIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-13-1023-R |
| v. | ) | |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent has responded to the Petition and filed the relevant state court records, and Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

Petitioner asserts that he is challenging the conviction of Murder in the First Degree entered in the District Court of Oklahoma County, Case No. CRF-87-6621, for which he is serving a sentence of life imprisonment. Taking judicial notice of the Court's own records, Petitioner previously sought habeas relief under 28 U.S.C. § 2254 concerning this conviction. In Bowie v. Jordan, Case No. CIV-00-1358-C, Petitioner raised eleven grounds for habeas

relief. The matter was referred to the undersigned Magistrate Judge, and in a 44-page Report and Recommendation the undersigned recommended that habeas relief be denied. An Order and Judgment was entered by District Judge Robin Cauthron adopting the Report and Recommendation and denying the Petition. Petitioner appealed this decision, and the Tenth Circuit Court of Appeals affirmed the district court's denial of habeas relief. Bowie v. Jordan, No. 02-6360 (10th Cir. 2003)(unpublished op.).[1]

In the instant Petition, Petitioner states the following grounds for relief:

> Petitioner moves this honorable Court to run sentence CRF-87-6621 concurrent with sentence CRF-86-2004. Pursuant to White v. Pearlman, 42 F.2d 788 (10th Cir. 1930) and its progeny and give Petitioner credit for time served since August 30, 1988 for sentence CRF-87-6621, United States Constitutions Fifth and Fourteenth Amendments.

Petition, at 5. In his Reply, Petitioner clarifies that he is alleging

> he is being forced to serve his sentence in case CRF-87-6621, in installments in violation of **White v. Pearlman**, 42 F.2d 788, 789 (10th Cir. 1930) and that Petitioner did not receive the 7-years 5-months credits he served on death row for his sentence in case CRF-87-6621, in violation of **North Carolina v. Pearce**, 395 U.S. 711, 717 (1969), overruled in part by **Alabama v. Smith**, 490 U.S. 794 (1989).

Reply, at 8-9 (ECF pages 11-12).

Petitioner previously sought relief under 28 U.S.C. § 2241 in this Court and argued that Oklahoma violated his rights under the Due Process Clause by requiring him to serve

[1] Petitioner admits in the Petition that the denial of his previous habeas petition was affirmed by the Tenth Circuit Court of Appeals in Case No. 02-6360 in December 2003 and that his request for certiorari in the United States Supreme Court was denied in 2004. Petition, at 2-3.

his sentence in Case No. CRF-87-6621 in installments and also violated the Double Jeopardy Clause by failing to credit time he served on death row in Case No. CRF-87-6621.

In that action, Bowie v. Franklin, 502 Fed. Appx. 740 (10th Cir. 2012), the Tenth Circuit Court of Appeals reversed this Court's denial of Petitioner's habeas claims with prejudice and remanded the action to this Court with instructions to dismiss the petition without prejudice to allow Petitioner to exhaust Oklahoma Department of Corrections ("ODOC") grievance procedures concerning his claims.

Consistent with the appellate court's directive, District Judge Russell entered an Order and Amended Judgment on January 10, 2013, in CIV-12-794-R dismissing the petition without prejudice. Petitioner refers to Judge Russell's Order in the instant Petition and asserts that he is "entitled to refile his claims in a new action in order to pursue those claims." Petition, at 5.

With this action, Petitioner is not seeking relief under 28 U.S.C. § 2254, which is reserved for challenges to the *validity* of a conviction and sentence. Rather, Petitioner is seeking relief under 28 U.S.C. § 2241, which is the proper remedy for "an attack on the execution of [a] sentence." Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(explaining distinction between § 2254 and § 2241 actions). Thus, his Petition is construed as one brought under 28 U.S.C. § 2241, not § 2254.

I. Exhaustion of State Court Remedies

In response to the Petition, Respondent first argues that Petitioner has not exhausted available state judicial remedies and his Petition should therefore be dismissed. Respondent

has not asserted that Petitioner has failed to exhaust available administrative remedies.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. §2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). See Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'")(quoting Montez, 208 F.3d at 866). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203.

In the Tenth Circuit Court of Appeals' decision in Petitioner's previous § 2241 action raising the same grounds for relief, the appellate court noted that Petitioner had filed an application for post-conviction relief in state court but the court found he had failed to exhaust administrative remedies within the ODOC. Bowie, 502 Fed. Appx. at 743.

In support of the exhaustion defense asserted in this case by Respondent, Respondent relies on a 1991 decision by the Oklahoma Court of Criminal Appeals ("OCCA"), Daniels

v. State, 809 P.2d 68 (Okla. Crim. App. 1991). In that decision, the OCCA explained that "[t]he proper procedure for seeking review of the administration of a sentence by the [ODOC] is to file a petition for writ of habeas corpus in the district court of the county where the inmate is being restrained." Id. at 68. However, the court recognized in an important caveat that "'before such writ can be granted, a petitioner must demonstrate that under the statute in effect on the date his or her crime was committed, he or she would have earned enough credits to be entitled to IMMEDIATE release.'" Id. (quoting Ekstrand v. State, 791 P.2d 92 (Okla. Crim. App. 1990))(emphasis in original).

Nothing in the pleadings or the record presented to the Court reflects that at any time up to this date Petitioner would be entitled to immediate release, should he be granted relief. In recognition of the caveat in the Daniels decision, in Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991), the Tenth Circuit Court of Appeals held that exhaustion of state judicial remedies was not required when an Oklahoma inmate was seeking a speedier and not immediate release because the inmate "has no adequate or available state remedy under recent Oklahoma law" and to require exhaustion under those circumstances would be futile.

Respondent has not alerted the Court to any changes in the manner in which Oklahoma courts handle habeas claims similar to Petitioner's. Moreover, Petitioner sought post-conviction relief in state court concerning the claims raised in the instant Petition. See Petition, attachments. The district court denied relief, and the OCCA affirmed. The OCCA specifically stated in its decision that "Petitioner's allegation concerns the administration of his sentences by the [ODOC] and credits earned, if any, . . a claim [that] is not one of the

allowable, enumerated claims provided in the [Oklahoma Post-Conviction] Act." Petition, att. 1. Nevertheless, the OCCA affirmed the district court's decision denying post-conviction relief and advised Petitioner that he had "exhausted his State remedies regarding the issues raised in his direct appeal and applications for post-conviction relief." Id.

For the foregoing reasons, Petitioner has exhausted available remedies concerning the claims asserted in the Petition, and Respondent's request for dismissal of the Petition on the ground that Petitioner has not exhausted available state judicial remedies should be denied.

II. Serving Sentences "In Installments" and Credit for Time Served

In order to address the merits of Petitioner's claims,[2] the convoluted history of his two life sentences for murder convictions must be considered. On January 30, 1987, Petitioner was convicted in the District Court of Oklahoma County, Case No. CRF-86-2004, of the offense of Murder in the First Degree and sentenced to serve a term of life imprisonment. Response, Ex. 2. See Bowie v. State, 816 P.2d 1143 (Okla. Crim. App. 1991)(affirming murder conviction and life sentence). It is not disputed that Petitioner was not transferred to ODOC custody following this conviction but remained in the custody of Oklahoma County on a second pending murder charge.

On May 10, 1988, a judgment and sentence was entered reflecting that Petitioner was found guilty of the murder of a second victim, convicted in the District Court of Oklahoma County, Case No. CRF-87-6621, of Murder in the First Degree, and sentenced to death.

[2]Respondent does not raise a statute of limitations defense, and such a defense is therefore considered waived.

Response, Ex. 2.

Petitioner was received at the ODOC to serve both of these sentences on August 30, 1988. Respondent has submitted as evidence the affidavit of ODOC Administrator Grogan who avers that Petitioner was received into ODOC custody on August 30, 1988, to serve his "death sentence for CRF-87-6621, Murder in the First Degree, and a consecutive Life sentence for CRF-86-2004, Murder in the first Degree, both Oklahoma County." Response, Ex. 4.

Petitioner appealed his conviction and death sentence in Case No. CRF-87-6621. On January 12, 1995, the OCCA entered a decision affirming the conviction but reversing the capital sentence and remanding the case to the district court for a new sentencing. Bowie v. State, 906 P.2d 759 (Okla. Crim. App. 1995).

ODOC Administrator Grogan avers that following the reversal of Petitioner's death sentence, the 2,709 days he had served on his conviction in Case No. CRF-87-6621 was applied to his consecutive life sentence in Case No. CRF-86-2204 in March 1999. Response, Ex. 4.

Petitioner was resentenced to a term of life imprisonment in Case No. CRF-87-6621 on December 19, 1997, to be served consecutively to his sentence in Case No. CRF-86-2004. According to ODOC Administrator Grogan, Petitioner was paroled from his sentence in Case No. CRF-86-2004 and began serving his life sentence in Case No. CRF-87-6621. Id. Grogan states that "[n]o credit for previous time served was applied to CRF-87-6621 because it had been credited to CRF-86-2004." Id.

As the Tenth Circuit Court of Appeals previously stated with regard to Petitioner's claims, he "is correct that a sentence generally must be served continuously rather than in installments." Bowie, 502 Fed. Appx. at 742 (citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)). In White, the circuit court held that "[a] sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments." White, 42 F.2d at 789.

Petitioner was committed to ODOC custody under his death sentence in Case No. CRF-87-6621 until his sentence was overturned in his direct appeal and he was returned to state custody for resentencing. The ODOC did not interrupt Petitioner's sentence, however, because the ODOC applied the time he spent in prison on his invalidated capital sentence toward his sentence of life imprisonment for his consecutive murder conviction.

In Oklahoma, "[w]hen a criminal defendant is convicted of two or more crimes in the same proceeding or court or in different proceedings or courts, the sentences are to be served consecutively unless specifically ordered by the district court to be served concurrently." Warnick v. Booher, 144 P.3d 897, 900 (Okla. Crim. App. 2006)(citing Okla. Stat. tit. 22, §976 (2001)). In instances of multiple sentences, "the judgment and sentence which is first received at the penal institution shall commence and be followed by those sentences which are subsequently received at the institution, in the order in which they are received by the institution, unless a judgment and sentence provides that it is to run concurrently with another judgment and sentence. Id. (citing Okla. Stat. tit. 21, § 61.1 (2001)). In cases of multiple sentences, "consecutive sentences are viewed as one incarceration term consisting of multiple

sequential sentences." Id. at 902.

In Floyd v. State, 540 P.2d 1195, 1197 (Okla. Crim. App. 1975), the OCCA interpreted state sentencing law and stated that in situations

> where a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served[, . . .] the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction. . . . [A]ll that [is] involved [is] an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date.

The ODOC followed this interpretation of Oklahoma law when it credited his time served under his death sentence, upon its invalidation, to his consecutive murder conviction (and life sentence), and thus treated his consecutive murder conviction as if it began when he was transferred to ODOC custody.

In his Reply, Petitioner asserts that when he was "rebilled" to his life sentence in Case No. CRF-87-6621 in January 2011 his sentence was not credited with the time he served before his death sentence was invalidated. Petitioner admits that the time he spent on his invalidated death sentence was credited to his consecutive life sentence in Case No. CRF-86-2004 following the invalidation of his death sentence. Reply, at 8.

Under these circumstances, Petitioner has alleged nothing more than an error under state law that does not involve a constitutional deprivation. See Handley v. Page, 398 F.2d 351, 352 (10th Cir. 1968)(holding that an issue concerning whether petition was serving concurrent or consecutive sentences was issue of state law, not federal issue cognizable in

a federal habeas proceeding); Ballard v. Franklin, 463 Fed. Appx. 732, 734-35 (10th Cir. 2011)(unpublished op.)(citing Handley decision and holding that "any misapplication of the sequence of [an Oklahoma inmate's] sentences does not involve the denial of a constitutional right"); Apodaca v. Ferguson, No. 96-8118, 1997 WL 618712 (10th Cir. 1997)(unpublished op.)("At most, petitioner is complaining about the order in which he is serving his sentences. Such sentencing matters are state law concerns that do not raise federal issues cognizable on federal habeas review.").

Moreover, Petitioner has not stated a cognizable double jeopardy claim because the government can "reclassify certain days of imprisonment as belonging to one consecutive sentence rather than another" without violating double jeopardy guarantees. Warnick v. Booher, 425 F.3d 842, 848 (10th Cir. 2005).

The unpublished decision on which Respondent relies, Muhannad v. True, 210 F.3d 390 (Table), 2000 WL 339178 (10th Cir. 2000)(unpublished op.), involved the issue of sentence credit for a federal inmate for time served on a state sentence where the inmate was returned to state custody after his federal court sentencing, at the direction of the federal district court. Id. at *3. Addressing the petitioner's argument that a federal marshal waived federal jurisdiction over him by not taking him into federal custody at the conclusion of his first state sentence, the court merely distinguished the White decision and another Second Circuit decision on the facts and based its decision entirely on federal sentencing law. The Muhannad decision has no application to this case. But Respondent's argument that White's HOLDING does not apply herein is well taken. In that action, the circuit court held that

"where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, . . . his sentence continues to run while he is at liberty" and he is entitled to credit toward his federal sentence for that time period. White, 42 F.2d at 789. Petitioner was never discharged from confinement because he had a consecutive sentence of life imprisonment, and the ODOC simply complied with Oklahoma law by crediting the time he spent on his invalidated death sentence to his consecutive life sentence. The Petition should therefore be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by December 11th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this __21st__ day of __November__, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE