# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENITO JEROME BOWIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-13-1023-R |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Benito Jerome Bowie's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Doc. No. 1. This matter was referred to United States Magistrate Judge Gary Purcell. Judge Purcell entered a Report and Recommendation on November 21, 2013, to which Petitioner has timely objected. Docs. No. 12, 13. Upon de novo review of the record, the Court agrees with the Report and Recommendation and rules that the habeas petition should be DENIED.

Petitioner is attacking the execution of his consecutive life sentences for two separate first-degree murder convictions. Petitioner was convicted of first-degree murder on January 30, 1987, in the District Court of Oklahoma County, Case No. CRF-86-2004, and he was sentenced to life imprisonment for this conviction. *See Bowie v. State*, 816 P.2d 1143, 1145 (Okla. Crim. App. 1991); Doc. No. 9, Ex. 2. Petitioner was not immediately transferred into the custody of the Oklahoma Department of Corrections (ODOC), however, due to a second pending murder charge. Petitioner was convicted of

---

[1] As the Report and Recommendation notes, the Court construes this as a petition under 28 U.S.C. § 2241, not § 2254, because Petitioner is lodging an attack on the execution of his sentences.

first-degree murder on this second charge on May 10, 1988, in the District Court of Oklahoma County, Case No. CRF-87-6621, and he was sentenced to death for this conviction. *See Bowie v. State*, 906 P.2d 759, 760 (Okla. Crim. App. 1995); Doc. No. 9, Ex. 2.

Following his second conviction, Petitioner was transferred into ODOC custody to begin serving his sentences. Doc. No. 9, Ex. 4. In 1991, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and life sentence in CRF-86-2004. *Bowie*, 816 P.2d at 1148. And in 1995, the OCCA affirmed Petitioner's second conviction in CRF-87-6621, but reversed his death sentence and remanded the case for a new sentencing trial. *Bowie*, 906 P.2d at 765.

After the OCCA reversed Petitioner's death sentence in CRF-87-6621, credit for the 2,709 days he had served on death row was applied to his consecutive life sentence in CRF-86-2004. *See* Doc. No. 9, Ex. 4. On resentencing in CRF-87-6621, Petitioner received a sentence of life imprisonment, and it was to be served consecutively to his life sentence in CRF-86-2004. Doc. No. 9, Ex. 5. Then in January 2011, Petitioner was paroled from his life sentence in CRF-86-2004, and he began serving his newly-received life sentence in CRF-87-6621. Doc. No. 9, Ex. 4. Because the 2,709 days he had served on death row were previously credited to his life sentence in CRF-86-2004, Petitioner did not receive any credit for time served in CRF-87-6621 at this time. *See* Doc. No. 9, Ex. 4.

Petitioner has now filed this habeas petition, arguing that he is being forced to serve his sentence in CRF-87-6621 in installments in violation of the Due Process Clause. Petitioner also argues that ODOC's failure to credit his life sentence in CRF-87-6621 for

2

the time he served while on death row prior to his death sentence being reversed violates the Double Jeopardy Clause. The magistrate judge recommended that Petitioner's claims be denied, and the Court agrees. Specifically, the magistrate recommended that Petitioner's due process claim be denied, because the precedent Petitioner relies upon in making his claim is inapplicable to this case. Moreover, the magistrate recommended that Petitioner's double jeopardy claim be denied, because Petitioner actually received the credit to which he was entitled.

In objecting to the magistrate's recommendation that his due process claim be denied, Petitioner repeats the same argument he made before the magistrate. Petitioner argues that *White v. Pearlman* stands for the proposition that ODOC is violating his due process rights by requiring him to serve his life sentence in CRF-87-6621 in installments. As the magistrate judge correctly reasoned in his Report and Recommendation, though, *White* is easily distinguishable from the present facts. In *White*, the Tenth Circuit considered the habeas petition of a prisoner, who through no fault of his own, was released from prison two years before his sentence expired. 42 F.2d 788, 789 (10th Cir. 1930). After more than two years passed following his erroneous release, the prisoner was recommitted to serve the remainder of his sentence. *Id.* In considering the prisoner's habeas petition, the Tenth Circuit stated that "[a] sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments." *Id.* Thus, the Tenth Circuit held that "where a prisoner is discharged from a penal institution, without any

contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty." *Id.*

In the present case, Petitioner was never erroneously released from ODOC custody. Instead, Petitioner's death sentence in CRF-87-6621 was reversed, and the time he spent on death row was subsequently credited to his consecutive life sentence in CRF-86-2004. Because Petitioner was never erroneously released from ODOC custody, *White* is inapplicable to Petitioner's case. As such, Petitioner's claim that he is being required to serve his sentence in CRF-87-6621 in installments in violation of the Due Process Clause is meritless.

In objecting to the magistrate's recommendation that his Double Jeopardy claim be denied, Petitioner also primarily reiterates the same argument he made in his initial petition. Petitioner relies on *North Carolina v. Pearce* in arguing that ODOC violated the Double Jeopardy Clause in handling his credits for time served. Once again, though, *Pearce* is easily distinguishable from the present facts. In *Pearce*, one of the respondents was convicted and sentenced to an aggregate term of ten years in prison. 395 U.S. 711, 714 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794 (1989). After he had served two and one-half years on his prison sentence, his conviction was overturned. *Id.* Following this, he was retried for the same offenses, convicted once again, and sentenced to an aggregate term of twenty-five years. *Id.* Importantly, he received no credit for the time he had spent in prison on the original conviction. *Id.* The respondent argued that the state trial court violated the Double Jeopardy Clause by failing to give him credit for the time he had already served in prison, and the Supreme Court agreed. *Id.* at 714-15, 718.

Specifically, the Supreme Court held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718-19.

*Pearce* is clearly inapplicable to Petitioner's situation, because Petitioner's conviction in CRF-87-6621 was never overturned, Petitioner was never retried for the same offense, and Petitioner was never convicted a second time for the same offense. Rather, Petitioner's conviction in CRF-87-6621 was affirmed by the OCCA, his death sentence was reversed for a new sentencing trial, and upon resentencing, Petitioner was given a consecutive sentence of life imprisonment. *See Bowie*, 906 P.2d at 765; Doc. No. 9, Ex. 5. Therefore, Petitioner's reliance on *Pearce* has no merit.

Additionally, although not argued by Petitioner, it cannot be said that ODOC upset Petitioner's legitimate expectation of finality in his sentence by applying the credit for the 2,709 days spent on death row in CRF-87-6621 to Petitioner's consecutive life sentence in CRF-86-2004 when his death sentence in CRF-87-6621 was overturned. Under Oklahoma law, Petitioner's multiple sentences "are considered one sentence with multiple parts for purposes of satisfying his court ordered punishment." *Warnick v. Booher*, 144 P.3d 897, 903 (Okla. Crim. App. 2006). Thus, Petitioner "ha[s] no legitimate expectation of finality in any part of his sentence until he ha[s] fully discharged all parts of the aggregate sentence." *Warnick v. Booher*, No. 01-CV-031-TCK-PJC, 2007 WL 3308906, at *3 (N.D. Okla. Nov. 5, 2007).

Therefore, Petitioner's Double Jeopardy claim is actually an assertion that ODOC violated state law in handling his credits, and Petitioner is even incorrect with regard to this argument. Under Oklahoma law,

> where a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served . . . the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction . . . . [A]ll that [is] involved [is] an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date. Common sense and fundamental fairness require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available.

*Floyd v. State*, 540 P.2d 1195, 1197 (Okla. Crim. App. 1975) (citation omitted). As previously stated, Petitioner's life sentence in CRF-86-2004 was credited for the 2,709 days he served while on death row in CRF-87-6621 when his death sentence was reversed by the OCCA. ODOC merely followed the OCCA's pronouncement in *Floyd* when it did this. Thus, when Petitioner was paroled on his life sentence in CRF-86-2004 in 2011, and he began serving the consecutive life sentence he received in CRF-87-6621 upon resentencing, he was not credited for time served because no credit existed that could be given. In other words, Petitioner had already received all of the credit to which he was entitled. Therefore, his petition basically requests that the Court grant him double the credit to which he is entitled, and this is something the Court will not do.

Accordingly, the Report and Recommendation is ADOPTED. Petitioner Benito Jerome Bowie's habeas petition is DENIED.

IT IS SO ORDERED this 3rd day of February, 2014.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE